UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abraham Mehrel, individually and on behalf of all others similarly situated;<br><br>　　　　　　　　　　Plaintiff,<br><br><br><br>　　-v.-<br>Dynamic Recovery Solutions, LLC<br>Pinnacle Credit Services, LLC,<br>LVNV Funding, LLC,<br>and John Does 1-25.<br><br>　　　　　　　　　　Defendant(s). | Civil Action No: 1:19-cv-3608<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Abraham Mehrel (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Dynamic Recovery Solutions, LLC (hereinafter "Defendant DRS"), Pinnacle Credit Services, LLC (hereinafter "Defendant Pinnacle") and LVNV Funding, LLC (hereinafter "Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　　Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15

1

U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings and residing at 4319- 10th ave, Apt 6, Brooklyn, NY, 11219.

8. Dynamic Recovery Solutions, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 135 Interstate Blvd. Greenville, SC 29615.

9. Upon information and belief, Defendant DRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant DRS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Pinnacle Credit Services, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service in New York, c/o Corporation Service Company at 80 State Street, Albany, NY, 12207.

12. Upon information and belief, Defendant Pinnacle is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant Pinnacle is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

14. LVNV Funding, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service in New York, c/o Corporation Service Company at 80 State Street, Albany, NY, 12207.

15. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

16. Defendant LVNV is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

17. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

18. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

19. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant Dynamic sent an initial collection letter attempting to collect a consumer debt;

   c. without including an appropriate disclosure that interest, fees and costs are continuously accruing, or in the alternative, the creditor/and or Defendant has made the decision to waive accruing interest and fees, and would accept the amount stated on the collection letter as payment in full;

   d. while misstating that the statute of limitations MAY restart upon the making of a partial payment.

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

20. The Sub-Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant Dynamic sent a collection letter attempting to collect a consumer debt;

   c. that including multi month payment options;

   d. while misstating to the consumer that the statute of limitations may restart upon the making of a partial payment.

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

21. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

22. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

23. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A and B, violate 15 U.S.C. § l692e, 1692f and 1692g.

24. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience

in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

25. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A and Exhibit B violate 15 U.S.C. § l692e, 1692f and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel

have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

26. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

*Violation I – May 22, 2019 Collection Letter*

29. Some time prior to May 22, 2019, an obligation was allegedly incurred to Chase Bank USA, N.A. ("Chase").

30. The Chase obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were exchanged primarily for personal, family or household purposes, more particularly a personal credit card.

31. The alleged Chase obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

32. Chase is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

33. Chase or another purchaser of the debt sold or assigned the debt to Defendant Pinnacle, who assigned the debt to Defendant DRS to collect.

34. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

35. On or about May 22, 2019, Defendant DRS sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Chase. See Exhibit A.

36. The letter provides the consumer with multiple payments options including payment plans that would stretch over multiple months.

37. Additionally, the letter states:

"If you make a partial payment on this account it may restart the statute of limitations on this account."

38. In the State of New York, a partial payment on a debt in which the statute of limitations has expired **does** restart the statute of limitations for a lawsuit to occur.

39. By virtue of Defendant advising that a partial payment may restart the debt when it unequivocally does, Defendant has misstated the law.

40. The Defendants' false statement could likely lead to the Plaintiff unknowingly restarting the statute of limitations.

41. The Defendants false statement is deceptive and materially misleading as to the current and future legal status of the debt.

42. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged

*Violation II – June 6, 2019 Collection Letter*

43. Some time prior to June 6, 2019, an obligation was allegedly incurred to Citibank (South Dakota), N.A. ("Citibank").

44. The Citibank obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were exchanged primarily for personal, family or household purposes, more particularly a personal credit card.

45. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

46. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

47. Citibank or another purchaser of the debt sold or assigned the debt to Defendant LVNV, who assigned the debt to Defendant DRS to collect.

48. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

49. On or about June 6, 2019, Defendant DRS sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Citibank. See Exhibit B.

50. The top of the Letter states:

> Itemization of Balance:
> Charge off Balance: $13,675.58;
> Interest Accrued since Charge-off: $10,946.46
> Current Balance: $24,622.04

51. The Defendant is required to include a disclosure that interest and or fees/other charges were accruing, or in the alternative, the creditor and or Defendant has made the decision to waive the accruing interest and or fees/other charges.

52. "Absent fuller disclosure, an unsophisticated consumer may not understand how these fees are calculated, whether they may be disputed, or what provision of the note gives rise to them. *Because the statement gives no indication as to what the unaccrued fees are or how they are calculated, she cannot deduce that information from the statement*." Carlin v Davidson Fink LLP, 852 F3d 207, 217 (2d Cir 2017) (*emphasis added*).

53. If interest and fees will continue to accrue during the collection process, the collection letter must explicitly state so accordingly.

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.
>
> ***Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.*** We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts. (Emphasis Added)
>
> Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76, 2016 U.S. App. LEXIS 5327, *6-7 (2d Cir. N.Y. 2016)

54. The Letter fails to conclusively state that interest, fees and costs are continuously accruing.

55. The Letter fails to explicitly provide the basis for said interest, fees and costs.

56. The Letter fails to state in what amount said interest, fees and costs are charged and added on to the "Current Balance: $24,622.04," or the frequency thereof.

57. The Letter uses language that is confusing to Plaintiff since it is unclear as to whether or not the account was actually, currently accruing interest and/or other charges and fees.

58. If interest is no longer accruing the Letter should clearly explain this to the consumer.

59. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated §1692e:

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. by creating a false and misleading representation of the legal status of the debt and ramifications of making a payment in violation of §1692e(10); and

c. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

67. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

68. Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the true and proper legal status of the debt.

69. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

70. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

72. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

　　i. The amount of the debt;
　　ii. The name of the creditor to whom the debt is owed;
　　iii. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
　　iv. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
　　v. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

73. Pursuant to 15 U.S.C. §1692g, any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

74. Defendant violated this section but not including a disclosure that interest is accruing or that interest would no longer be collected.

75. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Abraham Mehrel, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and David P. Force, Esq.as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
June 19, 2019

                                                  */s/ David P. Force*
                                                  By:  David P. Force, Esq.
                                                  **Stein Saks, PLLC**
                                                  285 Passaic Street
                                                  Hackensack, NJ 07601
                                                  Phone: 201-282-6500
                                                  Fax: 201-282-6501
                                                  Email: dforce@steinsakslegal.com
                                                  *Attorneys for Plaintiff*